# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GEORGE W. BRADSHAW, II,**

      **Petitioner,**

**v.**                                    **Civil Action No. 5:09cv114**
                                            **(Judge Stamp)**

**UNITED STATES PROBATION OFFICE,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On October 13, 2009, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt 1) In the petition, the petitioner challenges the validity of a 15-year sentence imposed by this Court on April 24, 2007. See United States v. Bradshaw, 3:05cr73 (N.D.W.Va. May 2, 2007). More specifically, the petitioner asserts that a government witness presented false and misleading information to the grand jury and that his trial attorney was ineffective. As relief, the petitioner seeks to have his conviction vacated.

On October 15, 2009, the undersigned conducted a preliminary review of the petition. (Dckt. 4) Noting that a motion under 28 U.S.C. § 2255 is the proper avenue through which to attack the validity of a federal sentence, the undersigned found that the petition was improperly filed under § 2241. Id. at 1. However, because the petitioner had not previously filed a motion under § 2255, the Court noted that it could not recharacterize the petition as a § 2255 motion without first providing the petitioner with proper notification of its intent. Id. (citing Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 644, 649 (4th Cir. 2002)). The Court therefore sent the petitioner a "Notification of Right to Consent to Proceed Under 28 U.S.C. Under 28 U.S.C.

§ 2255 or to Proceed as Filed." Id.  In the notice, the petitioner was advised of the consequences of having his petition converted to a § 2255 motion and asked to inform the Court if he would like to have his petition converted or whether he would like to proceed as filed.  Id. at 2-3.  The plaintiff was given twenty (20) days to return the attached election form and advised that the failure to respond would result in his § 2241 habeas corpus application being converted to a § 2255 motion. Id. at 3.  A review of the docket on this date shows that the plaintiff failed to file the election form in the allotted time or otherwise inform the Court of his wishes in this matter.

Accordingly, for the reasons stated in the Court's Notice of Conversion,[1] the undersigned **RECOMMENDS** that the petition (dckt. 1) be converted to a motion under § 2255, and this case be closed.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se*

---

[1] The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255.  A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion.

petitioner by certified mail, return receipt requested, to his last known address as show on the docket.

DATED: December 2, 2009

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE