IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE W. BRADSHAW, II,

    Petitioner,

v.                                            Civil Action No. 5:09CV114
                                                (Criminal Action No. 3:05CR73)
UNITED STATES PROBATION OFFICE,            (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
ORDERING CLERK TO FILE PETITIONER'S
COMPLAINT AS A § 2255 MOTION**

I. Background

The pro se[1] petitioner, George W. Bradshaw, II, filed an application for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the validity of a fifteen-month sentence imposed by this Court on April 24, 2007. See United States v. Bradshaw, 3:05-cr-73 (N.D. W. Va. May 2, 2007). Contending that a government witness presented false and misleading information to the grand jury, and that his trial attorney was ineffective, the petitioner seeks to have his conviction vacated.

The petition was referred to United States Magistrate Judge David J. Joel for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09. After conducting a preliminary review, the magistrate judge sent the petitioner a

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

"Notification of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed," noting that a § 2255 motion, and not a § 2241 petition, was the proper avenue to attack the validity of a sentence. The petitioner was given twenty days to return the election form and advised that a failure to respond would result in his § 2241 petition being converted into a § 2255 motion.

On December 2, 2009, after the petitioner failed to return the election form, Magistrate Judge Joel entered a report and recommendation, recommending that the petitioner's § 2241 petition be converted to a motion under § 2255, and this case be closed. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within fourteen days after being served with copies of the report.

On December 23, 2009, the petitioner returned the election form, electing to have his § 2241 petition converted to a motion filed pursuant to § 2255. The petitioner also attached a letter, which he designated as an objection to the report and recommendation, indicating that he originally meant to file a § 2255 motion, but that he was given the wrong form by the Clerk's office. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.[2]

### III. Discussion

Based upon a de novo review, this Court agrees with the magistrate judge's recommendation that the petitioner's § 2241 petition should be converted into a § 2255 motion. Through his petition, the petitioner is collaterally attacking his federal conviction and sentence. Thus, a § 2241 petition that challenges a federal conviction is properly construed to be a § 2255 petition. Recognizing this, the magistrate judge correctly notified the petitioner of his intent to recharacterize the motion, warned him of the effects of a recharacterization, and advised him of the requirements of § 2255. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002). Indeed, although untimely, the petitioner returned his election form, electing to have his § 2241 application converted into a motion filed pursuant to § 2255, as well as a letter indicating that he wanted to originally file a § 2255 motion, but

---

[2]This Court construes the petitioner's December 23, 2009 letter, attached to his election form, as objections to the report and recommendation.

3

was given the wrong form.  Accordingly, this Court affirms and adopts the report and recommendation of the magistrate judge.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, the petitioner's § 2241 is CONVERTED to a motion under § 2255, and this case is CLOSED.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Furthermore, the Clerk is DIRECTED to file the petitioner's complaint as a § 2255 motion in his criminal case, 3:05-cr-73, and open a corresponding civil case.  The civil case shall be opened as of the date that this memorandum opinion and order is entered, and the complaint shall be deemed filed as of the original filing date, October 13, 2009.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:     March 24, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

4